**W.V. NELSON CONSTRUCTION COMPANY, Appellant,**

v.

**CITY OF LINDSTROM, Greystone Construction Company, Respondents.**

No. C1–96–2290.

Court of Appeals of Minnesota.

June 3, 1997.

Dale C. Nathan, Nathan & Associates, Eagan, for Appellant.

Roger N. Knutson, Thomas M. Scott, Campbell, Knutson, Scott & Fuchs, P.A., Eagan, for Respondent City of Lindstrom.

John G. Patterson, Leonard W. Glewwe, Moore, Costello & Hart, P.L.L.P., Minneapolis, for Respondent Greystone Construction Company.

Considered and decided by WILLIS, P.J., and HUSPENI and KLAPHAKE, JJ.

## OPINION

WILLIS, Judge.

Appellant W.V. Nelson Construction Company (Nelson) challenges the district court's grant of summary judgment in favor of respondents City of Lindstrom (the city) and Greystone Construction Company (Greystone), arguing that a contract for the design and construction of a municipal liquor store is a contract within the meaning of Minnesota's competitive bidding statutes and, therefore, should be awarded to the lowest responsible bidder. We reverse and remand.

## FACTS

In June 1996, the city advertised for bids for the design and construction of a municipal liquor store. All who contacted the city concerning the advertisement were provided with copies of the store's specifications and with bidding instructions. The city held a pre-proposal conference with potential bidders on June 20, 1996, and the deadline for submission of bids was June 28, 1996.

Nelson and four other contractors, including Greystone, submitted bids. Nelson's was the lowest bid at $260,503, while Greystone submitted the second lowest bid at $318,000. The city informed Nelson that its bid was the lowest received, but did not award Nelson the contract, concluding instead that it needed additional information.

The city then altered the specifications for the proposed liquor store. As a result of these changes, all contractors that had submitted bids were invited to re-bid. Nelson's second bid of $292,000 was again lowest, and Greystone's second bid of $294,960 was second lowest.

After reviewing the second round of bids, the city awarded the contract to Greystone. Nelson protested the award. After hearing Nelson's arguments, the city reaffirmed its decision to award the contract to Greystone and adopted City Council Resolution 96–7–3, which contains general findings in support of the decision and states that the Greystone proposal "provided the best value for the public dollar."

Nelson commenced this action against the city and Greystone, seeking injunctive relief and money damages. The district court denied Nelson's request for an injunction and granted summary judgment in favor of the city and Greystone. The court concluded that because the contract was a "mixed design services and building construction contract," it was "not a contract as defined under the Uniform Municipal Contracting Law, Minnesota Statute Section 471.345, or as defined under Minnesota Statute Section 412.311." This appeal followed.

## ISSUE

Did the district court err in concluding that a contract for the design and construction of a municipal liquor store is not a contract within the meaning of Minn.Stat. §§ 412.311 and 471.345?

## ANALYSIS

On appeal from summary judgment, we determine whether the district court erred in its application of the law and whether there are any genuine issues of material fact. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). In so doing, we "view the evidence in the light most favorable to the party against whom judgment was granted." *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn. 1993). This court is not bound by a district court's decision on a question of law. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

■ Nelson argues that the district court erred in concluding that the mixed design services and building construction contract for the municipal liquor store is not a contract subject to Minnesota's competitive bidding statutes. Nelson asserts that the contract is for the construction of a public building, a contract of the sort the legislature expressly contemplated when it enacted Minnesota's competitive bidding statutes. We agree.

■ Competitive bidding statutes are designed to ensure that taxpayers "receive the best bargain for the least money." *Byrd v. Independent Sch. Dist. No. 194,* 495 N.W.2d 226, 232 (Minn.App.1993), *review de-*

*nied* (Minn. Apr. 20, 1993). The "fundamental purpose of competitive bidding is to deprive or limit the discretion of contract making officials in the areas which are susceptible to such abuses as fraud, favoritism, improvidence, and extravagance." *Griswold v. Ramsey County,* 242 Minn. 529, 536, 65 N.W.2d 647, 652 (1954). To be subject to competitive bidding requirements, a contract must fall unambiguously within the language of the statute. *Hubbard Broadcasting, Inc. v. Metropolitan Sports Facilities Comm'n,* 381 N.W.2d 842, 847 (Minn.1986).

The statutes relevant here are Minn.Stat. §§ 412.311 and 471.345. Minn.Stat. § 412.311 (1996) provides:

> Whenever the amount of a contract for the purchase of merchandise, materials or equipment or *for any kind of construction work undertaken by the city* is estimated to exceed the amount specified by section 471.345, subdivision 3, *the contract shall be let to the lowest responsible bidder,* after notice has been published once in the official newspaper at least ten days in advance of the last day for the submission of bids. If the amount of the contract exceeds $1,000, it shall be entered into only after compliance with section 471.345.

(Emphasis added.)

Minn.Stat. § 471.345, subds. 1–3 (1996), provides:

> Subdivision 1. **Municipality defined.** For purposes of this section, "municipality" means a county, town, city, school district or other municipal corporation or political subdivision of the state authorized by law to enter into contracts.
>
> Subd. 2. **Contract defined.** A "contract" means an agreement entered into by a municipality for the sale or purchase of supplies, materials, equipment or the rental thereof, or the construction, alteration, repair or maintenance of real or personal property.
>
> Subd. 3. **Contracts over $25,000.** If the amount of the contract is estimated to exceed $25,000, sealed bids shall be solicited by public notice in the manner and subject to the requirements of the law governing contracts by the particular municipality or class thereof.

This contract for the design and construction of a municipal liquor store at a cost in excess of $290,000 is a contract that unambiguously falls within the language of Minn. Stat. §§ 412.311 and 471.345. The contract is overwhelmingly a construction contract; both Greystone and Nelson budgeted less than five percent of their total bids for design services.

If the design of the building were of importance to the city, it could have first contracted separately for design services and then solicited competitive bids for construction of that design. But the city cannot circumvent the requirements of the competitive bidding statutes simply by including a design component in a contract for the construction of a public building. We conclude, therefore, that the district court erred in ruling that the contract at issue is not a contract subject to Minnesota's competitive bidding statutes.

Nelson further argues that the city violated Minn.Stat. § 412.311 by not awarding the contract to Nelson as "the low bidder." Because the district court did not reach the issue of whether the city violated Minn.Stat. § 412.311 by entering into a contract with Greystone, we remand for that determination. *See Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988) (holding that appellate courts may only address matters considered by district court).

## DECISION

This contract for the design and construction of a municipal liquor store is subject to Minnesota's competitive bidding statutes. We, therefore, reverse the district court's decision and remand for determination of whether the city violated Minn.Stat. § 412.311 by entering into a contract with Greystone.

**Reversed and remanded.**